Wilson *v.* The Mayor and Council of Macon.

| 88 | 455 |
| 97 | 653 |

A municipal corporation is not liable for personal injuries sustained by one prisoner at the hands of another confined in the same cell or room of the city prison, notwithstanding the police officer who arrested the plaintiff and put him in prison may have been guilty of wrong or negligence in confining him with an intoxicated fellow-prisoner who was on that account violent and dangerous. *Cook* v. *Macon*, 54 *Ga.* 468 ; *Harris* v. *Atlanta*, 62 *Ga.* 290 ; *McElroy* v. *Albany*, 65 *Ga.* 387 ; *Attaway* v. *Cartersville*, 68 *Ga.* 740 ; *Davis v. Mayor*, etc. of Knoxville, 18 S. W. Rep. (Tenn.) 254 ; 2 Dillon, Munic. Corp. 4 ed. ?975 ; Cooley, Torts, *620 *et seq.*; Shearman and Redf. Neg. 4 ed. ??253, 260 ; 15 Am. & Eng. Enc. of Law, 1141 *et seq.*                                    *Judgment affirmed.*
February 15, 1892.

Torts.   Municipal corporations.   Police.   Before Judge Ross.   City court of Macon.   March term, 1891.

The action of Wilson against the city for damages was dismissed on general demurrer, and he excepted.  He alleged that on December 18, 1889, he was quietly sitting on the side of the street when he was arrested by one of the police officers of the city and delivered to its agent and servant who was charged with the duty of keeping the city prison, and was then placed in a small cell in which was already confined one Bernard, a man of great muscular power, physically far superior to the plaintiff, and at the time partially intoxicated.  Very

soon Bernard, without any provocation or fault of plaintiff, began to beat and kick him in the most violent and brutal manner. Being unable to defend or free himself from the attack, plaintiff at once called for help as loudly as he could; but before any one came to the rescue Bernard had so severely beaten him as to cause certain stated injuries and damages. All of said injuries were the result of the negligence of the agents and servants of the city in the discharge of their ministerial duties, and their utter disregard for plaintiff's safety in so confining him with a man who was wild with drink, which fact was at the time well known to said agents and servants, and in not coming to his rescue for so long a time after he began to call for help, for in fact the agent and servant whose duty it was to keep the prison and receive and care for prisoners, wholly neglected to respond to plaintiff's call for help, and Bernard continued to beat him in the most brutal manner until a person far off in the street heard his cries and came to his assistance.

L. D. MOORE, by brief, for plaintiff.

R. W. PATTERSON, for defendant.