### 13478.   MEANS *v.* CITY OF BARNESVILLE.

BROYLES, C. J.   1. A municipal corporation is not liable for the wrongdoing or negligence of its police officers in the discharge of their ministerial duties. *Wilson* v. *Mayor &c. of Macon,* 88 *Ga.* 455 (14 S. E. 710), and authorities cited.

2. Under the ruling in the preceding note, it follows that where a child, endeavoring to cross a street in a city, was prevented, by a long line of automobiles parked, in violation of an ordinance of the city, near the sidewalk from which the child stepped, from seeing in the middle of the street an oncoming automobile, which ran against and killed the child, the city was not liable in damages for the negligence of its chief of police, who was present and made no effort to prevent the violation of the ordinance, and who gave no warning to the child of its danger, although he saw that the child was going to try to cross the street and knew that on account of the parked automobiles it could not see the oncoming automobile that struck and killed it. See, in this connection, Faulkner v. Aurora, 85 Ind. 130 (44 Am R. 1); Lafayette v. Timberlake, 88 Ind. 330; Schultz v. Milwaukee, 49 Wis.

254 (35 Am. R. 779, 5 N. W. 342); Givens *v.* Paris, 5 Tex. Civ. App. 705 (24 S. W. 974).

(*a*) Under the facts of the instant case, there is no merit in the theory that the city was liable because it was its duty to keep its streets and sidewalks in a reasonably safe condition. If that principle of law be applicable to this case (which is doubtful), the plaintiff's petition fails to set forth any facts showing that the streets and sidewalks of the city were not in a *reasonably* safe condition, considering that this is the twentieth century and that every street or country road is, on account of automobile travel, more or less dangerous.

3. Under the facts as stated in the plaintiff's petition, the proximate cause of the child's death was not the alleged negligence of the city in allowing automobiles to be parked near the sidewalk in violation of an ordinance of the city. See *Shaw* v. *Mayor &c. of Macon*, 6 *Ga. App.* 306 (64 S. E. 1102).

4. Under the above rulings, the court did not err in dismissing on demurrer the plaintiff's petition as amended.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 14, 1922.

Action for damages; from Lamar superior court — Judge Searcy. February 25, 1922.

*R. L. Berner,* for plaintiff.

*Dobbs & Barrett,* for defendant.