21936. CITY OF ROME v. POTTS.

Decided July 12, 1932.

*Wright & Covington, Leon Covington,* for plaintiff in error.
*Paul H. Doyal,* contra.

Hooper, J. T. B. Potts brought suit against the City of Rome for damages as the result of personal injuries, alleging, in substance, that as he was crossing Broad street in said city he was compelled to walk rapidly or be caught in the street upon the change in the traffic light; that "several inches" of snow had fallen and the city had negligently permitted it to accumulate and remain in the crossway or walkway across Broad street, which was marked out between parallel lines; that "said snow, after having been trampled under the traffic on the street, froze and became slick as ice;" that petitioner's view of the street directly under his feet was obscured by a sack full of chickens he was carrying; that the ringing of the trafficlight bell attracted his attention "away from the walkway or crossway, and petitioner did not see the ice and snow," and that he slipped upon the same and fell to the street, receiving injuries for which suit was brought. By amendment plaintiff alleged, that the

City of Rome is so climatically situated that snow and ice are not permanently on the streets; that about one fourth of the way across Broad street was shaded, "and the snow had not melted in that part of the crosswalk and had been permitted to remain in the crosswalk, and had become uneven in its surface by reason of pedestrians and vehicles passing over the same, and had become a dangerous obstruction in said crosswalk, all of which was unknown to petitioner, but had been in said condition for a period of at least three days." Petitioner alleged that the municipality was negligent in permitting the ice and snow to accumulate in the crossway; in permitting it to remain there more than a reasonable time after having knowledge of the same; in failing to give a reasonable time between changes in the traffic light; in failing to remove the snow and ice; and in permitting the crossway to become obstructed with snow and ice.

The defendant demurred generally and specially to the original petition, and objected to allowance of the amendment. The amendment was allowed and the general demurrer overruled, and on these rulings defendant assigned error in its bill of exceptions.

The courts of this State have not been called upon to determine under what circumstances a city may be held liable for injuries growing out of its failure to remove ice or snow from its streets or sidewalks. In Graham v. Chicago, 346 Ill. 638 (178 N. E. 911), it was said that generally a city is not liable for injuries resulting from general slipperiness of streets and sidewalks, due to ice and snow accumulating naturally. And in the opinion of the court it was said: "What, if any, duty devolves upon a city to remove ice from its sidewalks is a subject of a great variety of opinions, and, because of this divergence of views, a number of different and contradictory statements of the law have been laid down in various jurisdictions. However, there is one rule which is almost universal. That is, a city is not liable for injuries resulting from the general slipperiness of its streets and sidewalks due to the presence of ice and snow which have accumulated as a result of natural causes [citing authority]. A municipality is bound only to use reasonable care to keep its sidewalks reasonably safe for the amount and kind of travel which may fairly be expected upon them [citing authority]. In view of the generality of ice and snow in the winter-time, the doctrine has become quite prevalent that it would be an un-

reasonable requirement to compel a municipality to remove them from walks and streets. . . The decisions in the various jurisdictions upon this question of liability are so varied and numerous that it would be impracticable for us to attempt to analyze them or to harmonize them, but we have reached the conclusion that the reason which underlies the rule exempting cities from liability because of damage from slippery ice is that of necessity. It is grounded on the fact that it is unreasonable to compel a city to expend the money and perform the labor necessary to keep its walks reasonably free from ice and snow during winter months." See also Evans v. Concordia, 74 Kan. 70 (85 Pac. 813, 7 L. R. A. (N. S.) 933); Elam v. Mt. Sterling (Ky.), 17 S. W. 250, 20 L. R. A. (N. S.) 512, 656; DuPont v. Port Chester, 204 N. Y. 351 (97 N. E. 735, 39 L. R. A. (N. S.) 1167, Ann. Cas. 1913C, 1066); Berger v. Salt Lake City, 56 Utah, 403 (191 Pac. 233, 13 A. L. R. 7).

Counsel for the defendant in error cite numerous cases in which, under the facts therein pleaded and proved, liability was upheld, including the case of Templin v. Boone, 127 Iowa, 91 (102 N. W. 789). In that case the court said: "The rules of law in such cases are well understood. The mere fact that a sidewalk is dangerous because of the presence of ice and snow is not sufficient to establish negligence on the part of a city, even though this snow and ice are not removed within a reasonable time. But where, by reason of travel or the action of the elements, it becomes rounded or worn into ridges, uneven and irregular, due care on the part of the city may demand its removal." In the case of Townsend v. Butte, 41 Mont. 410 (109 Pac. 969), also cited by defendant in error, the court said: "A city is liable for injuries occasioned by its failure to remove from a sidewalk under its control snow and ice which have accumulated and formed a smooth, slippery and slanting surface over which it is dangerous for pedestrians to travel, when such condition is permitted to remain for an unreasonable time after the city has actual or constructive notice thereof."

For purposes of this decision we are assuming, but not deciding, that the alleged dangerous condition of the crosswalk, which arose after the fall of snow on Saturday, had existed a sufficient length of time prior to infliction of plaintiff's injures on the following Tuesday to impute notice thereof to the city. In our opinion neither

the allegations of the plaintiff's original petition nor those of his petition as amended show a sufficiently defective or dangerous condition of the crosswalk to impose any liability upon the city. The original petition alleges that "said snow, after having been trampled under the traffic in the street, froze and became slick as ice." The snow was not alleged to be rounded, slanting, ridged, or in any other unusual or dangerous condition. Defendant demurred to the foregoing as being insufficient, whereupon plaintiff, by amendment, alleged that "the snow had not melted in that part of the crosswalk and had been permitted to remain in the crosswalk, and had become uneven in its surface by reason of pedestrians and vehicles passing over the same, and had become a dangerous obstruction in said crosswalk." The allegation that the snow, under all the facts stated, had become a "dangerous obstruction" is a conclusion of the pleader. It had not melted, but had become "uneven" because of passing vehicles. We think no defective condition or dangerous obstruction sufficient to create liability under the rules of law is shown by the petition as amended.

Besides the reasons urged by plaintiff in error, an additional reason appears why the general demurrer should have been sustained. In the case of Tobin v. Waterloo, 131 Iowa, 75 (107 N. W. 1031), which was an action for injuries to a pedestrian from slipping on ice and snow on the sidewalk, where the evidence showed that the ice and snow on part of the sidewalk became rough by trampling, and by freezing and thawing, and that on other parts it was smooth, but did not show where the accident happened, it was held that a verdict was properly directed in favor of the city. In the opinion the court, after calling attention to the fact that not all of the walk in question was shown to be in a defective condition, stated: "This being true, the mere fact that plaintiff slipped somewhere on the walk would not authorize a finding that this was due to defendant's negligence, for it might have happened where the snow and ice were level, and had not been disturbed." Similarly, the plaintiff can not recover where injured because of slipping before reaching the alleged obstruction (Jaeger v. Newport, 155 Ky. 110, 159 S. W. 671); nor where injured after having passed over the rough place complained of. Beirness v. Missouri Valley, 162 Iowa 720 (144 N. W. 628, 51 L. R. A. (N. S.) 218). Plaintiff in the instant case stepped upon ice "that accumulated and re-

mained in the crossway," but it does not appear that he was caused to fall by reason of any rough or uneven surface. It therefore does not appear that the defendant's negligence, if such existed under the allegations of plaintiff's petition, was the proximate cause of plaintiff's injuries.

The alleged negligence of officers of the municipality in operation of the traffic light established and maintained under provisions of the traffic code of the City of Rome, in that they did not allow a reasonable time between change of lights for plaintiff to cross the street, does not change the ruling herein made. Operation of the traffic light conducted in behalf of the public safety was a governmental function, for the negligent performance of which the city is not liable. *Mayor &c. of Savannah* v. *Jones,* 149 *Ga.* 139 (99 S. E. 294) ; Civil Code (1910), § 893; 43 C. J. 964, § 1245.

Construing the petition as amended most strongly against the pleader (*Brown* v. *Massachusetts Mills,* 7 *Ga. App.* 642, 67 S. E. 832; *Evans* v. *Collier,* 79 *Ga.* 315, 4 S. E. 264), and eliminating the conclusions of the pleader (*Seaboard Air-Line Ry.* v. *Olsen,* 123 *Ga.* 612, 51 S. E. 591), the petition as amended sets forth no cause of action, and the court erred in overruling the demurrer thereto.

Under the foregoing ruling, the question as to the allowance of the amendment, over objection, is rendered moot.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*