[redacted]

## KNIGHT v. ATLANTIC COAST LINE R. CO. et al.

District Court, S. D. Georgia, Waycross Division.

Aug. 1, 1933.

[redacted]

Wilson, Bennett & Pedrick, of Waycross, Ga., for Atlantic Coast Line R. Co.

W. G. Thomas, of Jesup, Ga., and Highsmith & Highsmith, of Baxley, Ga., for A. E. Knight.

BARRETT, District Judge.

This is a suit against B. C. Poppell, section foreman, and the Atlantic Coast Line Railroad Company, seeking to recover for damages caused from setting fire to the right of way of the railroad by a passing locomotive and the spreading of the fire to the lands of plaintiff. The negligence alleged is not in any way connected with the locomotive, but because of permitting ignitible grass and other substances on the right of way, when it was the duty of the railroad "to keep its right-of-way reasonably free and clear of dry grass and weeds and other easily ignitible substances."

It is alleged: "Said defendant Poppell was the section foreman in charge of that particular portion of said right of way where and upon which said fire originated and it was the duty of said Poppell, for the protection of the public against the danger and hazard of fire from the operation of trains, to keep said right of way at said point and at said time reasonably free and clear of dry grass and weeds and other easily ignitible substances, which duty said defendant Poppell owed to the public not only in his capacity as section foreman, but also individually by reason of having undertaken and entered upon the performance of said work as hereinafter shown."

It was further alleged that the defendants had cleared a portion of the right of way of such ignitible substances, but failed to clear a certain portion which was particularly hazardous by reason of the inflammable growth thereon, and that this created a duty and its violation. It is not shown that the danger was any greater because of the fact that a portion of the right of way had been cleared, and it is not shown that the omission to clear the part where the fire was set out was an act of misfeasance.

There is no question that there is set forth a cause of action against the railroad company. The sole question for determination is: Does the petition set forth a cause of action against Poppell? Both sides recognize that if such cause of action is not set forth against Poppell the motion to remand should not be granted. On the other hand, if a right of action is set forth against Poppell, the motion to remand should be granted; there being no evidence to show that the joining of Poppell was fraudulent, though it is so alleged by the railroad company.

This suit is in tort. It is essential to maintain an action in tort that there must be a duty from the defendant to the plaintiff, and a violation of such duty. While it is true that there is the definite allegation in the petition that the "defendant Poppell owed to the public not only in his capacity as section foreman, but also individually by reason of having undertaken and entered upon the performance of said work as hereinafter set out," and thus owed a duty to plaintiff as a member of the public, this is a mere conclusion, and its force must be governed by the facts existing as shown by the petition.

" * * * The legal effect of the facts alleged is to be determined by the court, and not by the plaintiff." Hough v. Société Electrique (D. C.) 232 F. 635 (1); Williams v. Stewart, 115 Ga. 864 (2), 42 S. E. 256; Brown v. Mass. Mills, 7 Ga. App. 642, 67 S. E. 832.

Certain it is that Poppell, merely because he was working as a section foreman on the railroad, owed no individual duty to the public in the matter of keeping the right of way free from ignitible growth. He did owe a duty to his master to properly perform his duties, and if there was embraced in such duties the obligation to keep the right of way free from ignitible growth there would be a liability on his part to his master for failure to perform his agreement.

An employee is in many instances jointly liable with the railroad, but a fair analysis of the cases so holding will disclose that the employee was doing some act which involved a duty from him to the public direct, as, for instance, operating a locomotive and omitting to comply with the law as to speed or crossings or the like, or cutting into a public highway and leaving the road in a dangerous condition and the like. This liability arises independent of whether he was employed by the railroad. While in each of the illustrations there may be a nonfeasance on the part of the employee, as, for instance, not blowing the whistle or not closing up the public highway, that was merely a negligent act in connection with his misfeasance of running the train or digging up the highway. As is well illustrated in the brief for the defendants, the employee would be liable if in the performance of his duty as such employee he set out a fire for the purpose of clearing the right of way of ignitible growth and carelessly allowed the fire to escape onto the lands of another, because no man has a right to carelessly set out or carelessly fail to control a fire to the damage of another.

Perhaps there is no better statement of what is a tort than is found in section 4403 of the Civil Code of Georgia, especially taken

in connection with section 4406, which are as follows:

"§ 4403. * * * A tort is a legal wrong committed upon the person or property, independent of contract. It may be either—

"1. A direct invasion of some legal right of the individual.

"2. The infraction of some public duty, by which special damage accrues to the individual.

"3. The violation of some private obligation, by which like damage accrues to the individual.

"§ 4406. * * * Private duties may arise either from statute, or flow from relations created by contract express or implied. The violation of any such specific duty, accompanied with damage, gives a right of action."

For the application of the principle stated in these two sections, see Reid v. Humber, 49 Ga. 207.

There is not disclosed by the petition any duty on the part of Poppell to the public, including the plaintiff, to keep the right of way free of ignitible growth. Such duty not existing, there can be no action in tort against him, and there is not such cause of action set out in this case.

Almost indefinite citations could be used in connection with like cases dealing especially with nonfeasance and misfeasance. The above principle is controlling, and such citations are unnecessary.

The motion to remand is denied.