### BESSER v BOARD OF COMMISSIONERS MUSKINGUM CO

Ohio Appeals, 5th Dist, Muskingum Co

Decided March 23, 1938

## OPINION

By LEMERT, J.

Plaintiff for cause of action herein by way of petition in the Common Pleas Court of Muskingum county, Ohio averred that on or about the 7th day of August, 1936, defendant was in possession and control of the county jail of Muskingum county, Ohio.

Plaintiff alleged that he was confined in the Muskingum County Jail by an order of the Common Pleas Court of Muskingum county, Ohio, for contempt for refusal to pay alimony to his wife on a previous order of the court, and that he was committed to the county jail on August 1. 1936; and through carelessness and negligence of said defendant in control of said county jail, plaintiff says that on August 7 1936, while still a prisoner in the jail, another prisoner, named Alber Burgoon, was also confined in the same jail, and during the night of August 7, 1936, said Alber Burgoon had a fit and jumped on plaintiff's leg and mashed his shins on a bed rail in the jail and severely bruised plaintiff's leg and made an abrasion on the skin of plaintiff's leg and the leg became badly swollen and plaintiff is still suffering from said attack; whereby plaintiff was compelled to be under a physician's care for several months and incurred an expense of $200; to his damage of Fifty Thousand Dollars; for which he prays judgment.

To this petition a demurrer was filed, on the grounds that the petition did not state facts sufficient to constitute a cause of action. The Common Pleas Court sustained the demurrer and this cause is now in this court upon appeal from said holding on question of law.

At common law neither counties nor county commissioners were liable for negligence. Liability, if any, is statutory. It was decided very early in the history of the Supreme Court of Ohio, as organized under the Constitution of 1851, that the board of comissioners of the county are not liable in their quasi-corporate capacity, either by the statute of that date or at common law in an action for damages for an injury resulting to a private party by their negligence in the discharge of their official duties, and this rule has been steadily followed except as modified by statute. The reason for this rule may be stated as follows:

"There is a class of public corporations sometimes called 'civil corporations' and sometimes 'quasi corporations' that, by the well settled and generally accepted adjudications of the courts are not liable in a private action for damages or for negligence in the performance of certain public duties except when made so by legislative enactment. The reason for such exemption from liability is that organizations of this kind are mere territorial and political divisions of the state, established exclusively for public purposes connected with the administration of local government. They are involuntary corporations exercising governmental functions, to be exercised for the public good in behalf of the state. They are no less than public agencies of the state, invested by it, of its own sovereign will, with their particular powers to assist in the conduct of local administration and execute its general policy, and hence are clothed with the same immunity from liability as the state itself." 11 O. Jur., §265, p 538.

While it is true that in certain cases local governments may be liable for the torts of their agents while acting in their corporate capacity they are not liable for actions done in their governmental capacity. The erection of county jails and workhouses are governmental functions within that rule. Hence, in the absence of a statute to the contrary, the county or a city is not liable to a prisoner in such jail or workhouse for injuries received by him through the wrongful actions of the officers thereof. For the same reason a county or a municipal corporation is not liable in an action for negligence to a person who is injured while operating a defective machine in a workhouse to which he has been sentenced at hard labor upon conviction of an offense against an ordinance of the city or the statutes of the state even though the person in charge had knowledge of the condition of such machinery and the city was negligent. **Green v Muskingum County Com. 13 OCC Dec. 43, 3 CC (N.S.) 212.**

In 46 A.L.R., p. 96, we find:

"As a general rule a municipal corporation is not liable for injuries to prisoners or convicts resulting from the negligence of the keeper, guard, policeman, or convict boss in charge of them, for the reason that, in the maintenance of the jail and the working of convicts, the municipality is exercising governmental powers and discharging governmental

duties and cannot be held responsible for the negligence or misconduct of officers which it must of necessity employ."

It has been held that a municipal corporation is not liable for personal injuries sustained by one prisoner at the hands of another confined in the same cell or room of the city prison, notwithstanding that the police officer who arrested the plaintiff and put him in prison may have been guilty of wrong or negligence in confining him with an intoxicated fellow prisoner, who was, on that account, violently dangerous. 88 Ga. 455; 14 S. E. 710. Also, 46 A.L.R., pp. 100-104.

So that in the instant case, as shown by the pleadings, this suit is brought against the board of county commissioners of Muskingum county, Ohio; there is no statute in Ohio which changes the rule as laid down in the foregoing cases; and we are of the opinion that the cases cited by appellant do not apply in the instant case, because in those cases the action was against an officer for his failure to perform his duty. In this case the county and county commissioners are in their proper performance of a governmental function and as such are not liable.

It therefore follows that the judgment of the Common Pleas Court was right in sustaining said demurrer, and it follows, therefore, that the judgment of the court below is affirmed.

MONTGOMERY, PJ, and SHERICK, J, concur.