## 32256. STUBBS *v.* CITY OF MACON.

TOWNSEND, J. 1. Municipalities are liable for the acts of their officers, agents, and servants only in instances as follows: (a) In the performance of any function where a statute specifically provides for such liability (see specific statutes). (b) For neglect to perform or improper or unskilful performance of their ministerial duties (see Code, § 69-301). (c) For the performance of their governmental functions where the same amounts to the taking or damaging of private property for public

purposes without first making adequate compensation therefor (see art. I, sec. III, par. I of the Constitution, Code, Ann., § 2-301), or the creation of a nuisance dangerous to the life and health of persons because of its proximity to them in the enjoyment of their property. See *Kersey* v. *Atlanta,* 193 *Ga.* 862 (20 S. E. 2d, 245, 140 A. L. R. 1352), and cases there cited.

2. (*a*) In the absence of charter authority to the contrary, the maintenance of a park by a municipality is a governmental function, and the municipality is not liable for the non-performance or improper performance of its officers, agents, or servants in connection therewith. See Code (Ann.), § 69-301, and cases cited under catchword "Parks"; *Harvey* v. *Savannah,* 59 *Ga. App.* 12 (199 S. E. 653).

(*b*) The operation of parking meters on the streets of a municipality with charter powers sufficiently broad to invest it with the general supervision and control over its streets is a governmental function. See *Gardner* v. *Brunswick,* 197 *Ga.* 167(2) (28 S. E. 2d, 135).

3. The paving of a walkway along the outer edge of a city park but within the park, by the municipality in connection with the installation of automobile parking meters, so as to leave a water meter projecting above the surface of the paved walkway in a manner dangerous to pedestrians using the walkway, amounts to a governmental function in connection with the construction and maintenance of a city park; and the water meter thus situated is not such a nuisance as amounts to the taking or damaging of private property for public purposes without first making adequate compensation therefor. The fact that the area is also used in connection with parking meters providing revenue for the city does not make the function ministerial, this function also being governmental.

4. The petition in the instant case shows that the municipality was engaged in the operation of a city park, and in the operation of its parking meters, both governmental functions, in connection with the injury of the plaintiff; and that the conduct of its officers, agents, and servants was not such as to amount to the taking or damaging of private property for public purposes without first making adequate compensation therefor; nor is such a nuisance alleged as was dangerous to the life and health of persons because of its proximity to them in the enjoyment of their property. Therefore the judgment of the trial court sustaining the demurrer to the petition is without error.

*Judgment affirmed.   MacIntyre, P.J., and Gardner, J., concur.*

DECIDED DECEMBER 4, 1948.

*John J. McCreary*, for plaintiff.
*Charles W. Walker, E. S. Sell Jr.*, for defendant.