36461. STANLEY *v.* CITY OF MACON.

DECIDED FEBRUARY 12, 1957.

*Luther U. Bloodworth, Bloch, Hall, Groover & Hawkins,* for plaintiff in error.

*C. Cloud Morgan, T. Reese Watkins, Harris, Russell, Weaver & Watkins,* contra.

TOWNSEND, J. ■ Operation of a traffic light conducted in behalf of the public safety is a governmental function, for the negligent performance of which the city is not liable. *City of Rome* v. *Potts,* 45 *Ga. App.* 406, 410 (165 S. E. 131) ; *Stubbs* v. *City of Macon,* 78 *Ga. App.* 237 (2b) (50 S. E. 2d 866). The first count of the petition in this case alleges that the defendant municipality was liable for the negligent installation and maintenance of a traffic-control signal and fire-alarm box on a telephone pole belonging to the Georgia Power Company, as to which the conduit and control box were not grounded and the insulation of the high voltage conduit was broken so that the plaintiff, an employee of the Power Company required to climb the pole in the ordinary course of his duties, came in contact with a bare section of wire and received an electric shock which threw him to the ground, causing him to suffer certain described injuries. Attached to the petition is a contract between the defendant and the Georgia Power Company containing an agreement to indemnify the latter against payment of any sum of money to any person growing out of the operation of the traffic signals, which contract is not attached for the purpose of claiming any right under the contract but merely to show the circumstances under which the traffic signal was erected. Since this count is predicated on negligence in the performance of a governmental function, for which the city is not liable, the general demurrers to this count were properly sustained. Nothing to the contrary is held in the case of *Mayor &c. of Savannah* v. *Jones,* 149 *Ga.* 139 (99 S. E. 294), which holds that while a city in the emptying of its trash cans is performing a governmental function it may also, by removing and placing the lid in such a manner as to obstruct the street, be negligent in its ministerial duty of keeping the sidewalks free

from obstruction and be liable on this theory. It cannot reasonably be said that defective maintenance of a traffic control signal 15 feet above the street at a place which could not be reached except by climbing a pole is in such a location as to constitute defective maintenance of the streets and sidewalks along which normal pedestrian and vehicular traffic moves, and liability against the city cannot be predicated upon this theory.

■ ■ The remaining count of the petition, alleging the same factual situation, charges the defendant with creating and maintaining a nuisance. However, the factual averments show that the plaintiff's injury was caused because plaintiff "came in contact with the conduit of the traffic signal and the fire alarm system both belonging to the City of Macon, the defendant. At that time and place unknown to the plaintiff, the conduit and control box of the traffic signal were not grounded, and the insulation on the 'hot' lead, i.e., the lead carrying high voltage electricity running from the traffic signal weather head *had broken and separated* for a distance of about one inch, leaving a bare section of wire, which bare section was approximately 1/16 inch from the weather head, *causing the conduit to be energized by the electricity, thus causing the plaintiff to receive an electrical shock* when he touched both conduits at the same time, sufficient to cause him to fall from the pole." (Emphasis added). It is alleged that the defendant is liable in damages under these facts for *constructing* and *maintaining* a nuisance. If so, of course, the municipal corporation, like any other tortfeasor, would be liable for damage resulting from the nuisance, regardless of whether it was constructed and maintained in the exercise of a governmental function or not. *Ingram* v. *City of Acworth*, 90 *Ga. App.* 719, 720 (84 S. E. 2d 99); *Archer* v. *City of Austell*, 68 *Ga. App.* 493, 497 (23 S. E. 2d 512). But the allegation that the city constructed and maintained this condition is a mere conclusion in view of the allegation that the weather head "broke and separated," thus releasing the electricity, it being obvious that the construction of the instrument and its installation would have been harmless to the plaintiff if the insulation on the lead had not broken. It is not alleged that it was installed in this defective condition, nor that the defendant, after knowledge of

its defective condition, failed to repair it. Under these circumstances, the defendant neither constructed nor maintained the defective condition. To "maintain", as defined in Webster's International Dictionary 2nd ed., is "to carry on; to keep possession of; to hold or keep in any particular state or condition; to support, sustain, uphold, keep up; not to suffer to fail; to preserve or continue in" a certain condition. To do these things, or any of them, implies knowledge of their existence, and there is nothing in the petition to indicate that the city had knowledge of the defect in the insulation or that it had continued for such length of time as to carry the presumption that the city should have known of it. Herein lies one of the important distinctions between mere negligence and nuisance (in regard to the latter the question of negligence is immaterial), although nuisance may result from negligence. See *Southland Coffee Co.* v. *City of Macon*, 60 *Ga. App.* 253 (3 S. E. 2d 739). The case of Herman *v.* Buffalo, 214 N.Y. 316 (108 S. E. 451), is quoted at length in 18 McQuillin, Municipal Corporations, 3rd ed., § 53.49 as follows: " 'The condition must have been a purpose or object of the municipality; it must have intended to effect it; or its acts must have been so reckless and unwarranted that that intention must be conclusively implied. This is not declaring that it must have intended the danger or the catastrophe. It must have intended the condition, but having that intention may have thought it was not dangerous or have been thoughtless in regard to it. It must have violated the absolute duty of refraining from the participating acts, not merely the relative duty of exercising reasonable care, foresight and prudence in their performance. The wrongfulness must have been in the acts themselves, rather than in the failure to use the requisite degree of care in doing them, and therein lies the distinction, under the facts of this case, between "nuisance" and "negligence," the one is a violation of an absolute duty; the other a failure to use the degree of care required in the particular circumstances—a violation of a relative duty.' " Accordingly, no facts are alleged sufficient to charge the city with either constructing or maintaining the condition which injured the plaintiff, for which reason this count, also, shows no more than acts of simple negligence.

■ The petition is also insufficient to show that the city was maintaining a nuisance of which the plaintiff, an employee of the Georgia Power Company (as distinguished from the utility who owned the property in question) could complain. This court adheres to the often repeated designation of an actionable private nuisance as one which is "specially injurious to an individual by reason of its proximity to his home." *Lewis* v. *City of Moultrie,* 27 *Ga. App.* 757 (110 S. E. 625); *Stubbs* v. *City of Macon,* 78 *Ga. App.* 237 (1) (50 S. E. 2d 866); *Kea* v. *City of Dublin,* 145 *Ga.* 511 (89 S. E. 484); *City Council of Augusta* v. *Cleveland,* 148 *Ga.* 734 (98 S. E. 345); *Ingram* v. *City of Acworth,* 90 *Ga. App.* 719 (84 S. E. 2d 99); *Delta Air Corp.* v. *Kersey,* 193 *Ga.* 862 (20 S. E. 2d 245, 140 A. L. R. 1352). The origin of this limitation on the nuisance doctrine dates back to the common law, which construed nuisance as an infringement on a man's freehold. Garrett, Nuisances, 3rd. ed., p. 2. It was observed in *State ex rel. Boykin* v. *Ball Investment Co.,* 191 *Ga.* 382, 389 (12 S. E. 2d 574), that our statutory definition of nuisance, which corresponds with that found in Blackstone, "was not intended to change the common-law definition of a nuisance." While it is no longer required that the plaintiff in a nuisance case show, as he had to do at common law, a freehold interest in the property affected by the nuisance, and while he no longer need show damage to the realty itself, he must still show that the condition is injurious by reason of its relationship to his home or property in the neighborhood where it is located, or else that it is injurious by reason of its constituting an obstruction to streets or sidewalks and like places used by the public generally for passage, which obstructions were at common law regarded as public nuisances because they interfered with the public right of passage. See Garrett, Law of Nuisances, supra, p. 3. In 75 A. L. R., p. 1196 at page 1198 it is also stated: "As noted above, it is generally held that the municipality, as owner of real estate, owes the same duties to the owners of neighboring lands, with respect to the use of its own, as are owed by a private owner of land, and hence that the municipality is liable to other landowners, where it makes such use of its land as to constitute a nuisance, regardless of whether it is engaged in performing a governmental or private

function." This rule is equally applicable, of course, whether the actual injury is personal or property damage. Nothing in *Towaliga Falls Power Co.* v. *Sims*, 6 *Ga. App.* 749 (65 S. E. 804), authorizes a contrary ruling, for in that case the question of the plaintiff's interest in the property affected by the nuisance was first considered, and it was held that he, as a tenant at will of the property, had such an interest therein as would sustain the action. What is said thereafter, to the effect that one specially damaged by a nuisance can recover from a wrong-doer, though his damage consists in an injury to purse or person, irrespective of whether he has had an interest in real estate damaged or not, refers to the measure of damages, the holding being that one in the plaintiff's position might maintain the action for personal injuries regardless of whether he personally would also be entitled to recover for the damage to the real estate.

The trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*