37017.   CITY OF CUMMING *v.* CHASTAIN,
by Next Friend.

Decided January 27, 1958.

14

*Jess H. Watson,* for plaintiff in error.

*Heyman, Abram & Young,* contra.

CARLISLE, Judge. "A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." Code § 69-307. "A municipal corporation is not liable for the wrongdoing or

negligence of its police officers in the discharge of their ministerial duties. *Wilson* v. *Mayor &c. of Macon,* 88 *Ga.* 455 (14 S. E. 710), and authorities cited." *Means* v. *City of Barnesville,* 28 *Ga. App.* 671 (1) (112 S. E. 739). This has been the rule in the State of Georgia from the earliest times, and having been embodied in the 1933 Code, which was adopted by the legislature, it carries the force and effect of statute. This rule cannot be avoided or circumvented by allegations in the nature of conclusions seeking to assert as the basis for municipal liability the act of its placing its codefendant, Hansard, the active tortfeasor, in the position to commit the tort, nor by alleging that in employing him and retaining him on the payroll it was guilty of maintaining a nuisance when the facts otherwise alleged affirmatively show that the real asserted basis of liability is on the theory of respondeat superior for the tortious conduct of a policeman. In advancing these theories, while counsel for the plaintiff may deserve credit for his ingenuity, the facts of the case as alleged in the petition show that, in the final analysis, the sole asserted basis of municipal liability is on the theory of respondeat superior, and the facts thus throw the case squarely within the rules first enunciated above.

While this court recognizes that the passage of time and changing conditions may bring with it the assertion for the first time of rights heretofore never asserted or never enforced by the courts of this State (*Tucker* v. *Carmichael & Sons, Inc.,* 208 *Ga.* 201, 65 S. E. 2d 909), and that the fact that such rights exist and give a cause of action should not be denied simply because they have not been previously enforced, this principle is no warrant for overturning a firmly established rule denying the existence of the right merely by applying a novel theory to old facts. If the existing rule is to be altered, it would seem to be for the legislature to decide rather than for the courts.

For these reasons the petition fails to set forth a cause of action in either count against the City of Cumming, and the trial court erred in overruling the general demurrer of the municipality.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*