37322.   ARTHUR *v.* CITY OF ALBANY.

DECIDED NOVEMBER 25, 1958—REHEARING DENIED
DECEMBER 3, 1958.

*Eugene Black, Burt & Burt,* for plaintiff in error.

*H. Grady Rawls, Perry & Walters, H. H. Perry, Jr.,* contra.

CARLISLE, Judge. 1. The trial court did not err in sustaining the general demurrers. Count 1 of the petition was insufficient to set forth a cause of action on account of the maintenance of a nuisance. The allegations of the petition fail to show that the condition created by the absence of the stop sign was injurious to the plaintiff by reason of its relationship to her home or property located in the neighborhood, or that it was expressly injurious to the plaintiff as a member of the public as constituting an obstruction to the streets or sidewalks. *Stanley* v. *City of Macon,* 95 *Ga. App.* 108, 112 (2b) (97 S. E. 2d 330).

2. The operation and maintenance of traffic lights and other traffic control devices is a governmental function conducted on behalf of the public safety and for the negligent performance of which municipal corporations are not liable. Code § 69-301; *City of Rome* v. *Potts,* 45 *Ga. App.* 406, 410 (165 S. E. 131). Such functions are not related to the maintenance of the streets as such, and liability of a municipality for the negligent failure to maintain a stop sign after it is once erected cannot be predicated on the theory that it is a part of street maintenance.

In deciding whether to erect the stop sign in the first place

and in erecting it, the municipality exercises its legislative or judicial powers, and in determining whether to maintain the stop sign or traffic control device or to operate it, and in determining whether to replace it once it has been destroyed or removed, are all a part of the same exercise of legislative or judicial power, and the duty of erecting the device cannot be divorced from the duty of maintaining it so as to say that the erection of the stop sign is an exercise of the legislative function, but that its maintenance or re-erection is merely ministerial. Long recognized limitations on municipal liability for the negligent performance of governmental duties will not be abrogated by this kind of judicial legislation. *City of Cumming* v. *Chastain*, 97 *Ga. App.* 13 (102 S. E. 2d 97).

It follows that the petition failed to set forth a cause of action against the municipality in any of its counts, and the trial court did not err in sustaining the general demurrers and in dismissing it. See *Stubbs* v. *City of Macon*, 78 *Ga. App.* 237 (2b) (50 S. E. 2d 866).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*