Ellis J. Staley, Jr.., J.
This is a motion by the Superintendent of Insurance for an order vacating a prior order of this court dated January 18, 1962 which terminated the trust fund herein, and further dismissing this proceeding on the ground that the trust fund sought to be terminated and distributed is an employee welfare fund within the meaning of article III-A of the Insurance Law and that liquidation of the fund is within the exclusive jurisdiction of the Superintendent of Insurance.
The order of January 18, 1962 was granted without objection on the part of the trustees of the fund and neither the Superintendent of Insurance nor the union received notice of the application. The proceeding was originally commenced under article 79 of the Civil Practice Act governing the operation of express trusts and the application of that procedure to the trust fund involved herein is questioned by the Superintendent of Insurance who claims that article III-A of the Insurance Law supersedes the procedure of article 79 and is exclusive in the liquidation of a trust fund such as the one involved herein.
In August, 1957 the Dairy Transport Association, Inc., and Local 770 International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America entered into a collective bargaining agreement for the period from August 1, 1957 to July 31, 1960 which agreement provided, among other things, for contributions by the employers which comprised the association to a pension fund which was to be established ‘ ‘ in the near future.”
Prior to July, 1959 the pension fund contemplated by the August, 1957 agreement had not been established and on July 29, 1959 an amendment to the August, 1957 agreement was entered into to provide for contributions to the pension fund which contributions were to become effective August 1, 1959 and, on the same date, a trust fund agreement was entered into by the association, local 770 and the designated trustees. The amended collective bargaining agreement provided that if, at May 31, 3 960, any of the employers had failed to pay their contributions to the pension trust fund that ‘ ‘ that fund will immediately return to each employer all contributions he has paid to it less his proportionate share, as determined by the fund’s trustees, of the fund’s expense to that date.”
The trust agreement itself provided that the fund shall be terminated if there was no longer in force a collective bargaining agreement between the association and the union.
One of the members of the association, Marcus Trucking Co., Inc., never contributed to the trust fund and the collective bargaining agreement terminated on July 30, 1960 and was not *736 renewed and, therefore, the trust fund automatically terminated when there was no longer any collective bargaining agreement in effect between the association and the union.
It is the contention of the association. that the failure of Marcus Trucking Co., Inc. to make its contributions to the trust fund automatically defeated the trust fund as of May 31, 1960 and that each association member was entitled to a refund of its contributions and that in fact no trust fund was ever actually established.
Section 37-a of the Insurance Law provides as follows: “ 1. Employee wélfare funds. The term ‘employee welfare fund ’, as used in this article, shall mean any trust fund or other fund established of maintained jointly by one or more employers together with one or more labor organizations, whether directly or through trustees, to provide employee benefits, by the purchase of insurance or annuity contracts or otherwise ”.
The trust agreement entered into on July 29, 1959 provided for employer contributions; was entered into jointly by the employer association and local 770 as a labor organization; was to be managed by trustees; was to provide employee benefits; and was to purchase insurance policies to provide for benefits for the employees. In the actual operation of the fund contributions were made and collected creating a fund in excess of $40,000, but no further acts were taken by the trustees and, according to the terms of the collective bargaining agreement and the trust agreement itself, the fund has terminated.
The question to be determined here is whether or not the fund falls within the definition of an employee welfare fund as provided by section 37-a of the Insurance Law and, if so, does it come within the exclusive jurisdiction of the Superintendent of Insurance.
If the association and the union by reason of the trust agreement executed on July 29, 1959, thereafter made and collected contributions pursuant to the agreement, did such conduct 1 ‘ establish or maintain ’ ’ an employee welfare fund within the meaning of section 37-a of the Insurance Law? It was the intent of the parties to the agreement to create a fund to provide insurance benefits for the employees. “ To ‘ establish ’ means to originate, to found, to institute, to create ”. (Village of Hemp-stead v. Seymour, 34 Misc. 92, 94.) The word “maintain” means to continue and signifies to support what is already brought into existence.
It is my opinion that the association and the union did in fact originate and creafe a trust fund which was maintained for many months and that such trust fund does qualify as an employee *737 welfare fund within the contemplation of section 37-a of the Insurance Law. As-was stated by the Attorney-General (1956 Atty. Gen. 189): “ In my opinion, an employee welfare fund should be regarded as ‘ established ’ within the meaning of and subject to the law as it is written if the fund itself was or is actually created, brought into being, constituted, founded or set up by joint or bilateral action of one or more labor organizations.”
Since the provisions of section 510 of the Insurance Lav» authorizes the Superintendent of Insurance to supervise any organization in the process of organization for the purpose of intending to do the business of insurance in this State, he has exclusive jurisdiction over the liquidation of the trust fund involved here.
The order of this court dated January 18, 1962 which purported to terminate the trust fund and direct its liquidation is hereby vacated and the Superintendent of Insurance is directed to institute a liquidation proceeding pursuant to the provisions of the Insurance Law.