**Christopher GREENWAY**

**v.**

**W. E. THOMPSON.**

**Civ. A. No. 17890.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 28, 1973.

Thomas G. Sampson, Kennedy, Bussey & Sampson, Atlanta, Ga., for plaintiff.

Henry L. Bowden, City Atty., John E. Dougherty, Asst. City Atty., Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This suit seeks damages from defendant, a police officer employed by the City of Atlanta, for gunshot wounds suffered by plaintiff. The basis for federal jurisdiction is 42 U.S.C. §§ 1983 and 1985. The case is before the court on plaintiff's motion to add the City of Atlanta as a party defendant and to

amend the pleadings to reflect this addition. The asserted basis for recovery is that the City is answerable in tort for its negligence in training defendant and that this negligence was a cause of plaintiff's injury. It is clear that Rules 18 and 20 of the Federal Rules of Civil Procedure encourage broad joinder and would allow joinder of plaintiff's claim against the City. However, these rules cannot by themselves confer jurisdiction on the federal court if it is otherwise lacking. Rule 82, Fed.R.Civ.P. In this case there is no diversity and plaintiff concedes that Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), forbids suit against the City under § 1983. Plaintiff thus advances only a state law claim against the City. This court has jurisdiction to allow joinder of the City as a defendant only if the doctrine of pendent jurisdiction allows the claim against the City to be brought into federal court as an adjunct of the federal law claim against the current defendant.

In 1966 the Supreme Court held that pendent jurisdiction allowed a federal court to rule on a state law claim before it even though plaintiff had lost on his only federal law claim. UMW v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Although the case technically dealt only with a pendent claim, it introduced a new "common nucleus of operative fact" analysis, and it was not entirely clear to what extent, if any, the decision could be taken as broadening the availability of pendent jurisdiction. In particular it was unclear whether pendent jurisdiction allows joinder of a pendent party against whom only a state claim is asserted. The commentators split on the issue.[1] There have been a number of cases in the Fifth Circuit holding that pendent jurisdiction will not allow the addition of non-diverse parties if the original claim is in federal court by virtue of diversity. Lawes v. Nutter, 292 F.Supp. 890 (S.D.Tex.1968); Robison v. Castel-

lo, 331 F.Supp. 667 (E.D.La.1971). At least one court has allowed such a use of pendent jurisdiction in diversity cases. Jacobson v. Atlantic City Hospital, 392 F.2d 149, 155 (3d Cir. 1968). If, however, a federal cause of action is asserted against the original defendant, the Fifth Circuit has twice ruled that it is within the trial court's discretion to add a second defendant against whom only state claims will be prosecuted. Shannon v. United States, 417 F.2d 256 (5th Cir. 1969); Connecticut General Life Insurance Co. v. Craton, 405 F.2d 41 (5th Cir. 1968). This court, then, does have a discretionary power to take pendent jurisdiction over plaintiff's state law claim against the City. A number of factors are pertinent to the decision to exercise this discretion. These are perhaps best outlined in *Connecticut General, supra,* and in Eidschun v. Pierce, 335 F.Supp. 603 (S.D.Iowa 1971). One of the factors to be weighed in considering whether to exercise this discretion is whether issues of state or federal law would predominate on trial of the case. Latch v. Tennessee Valley Authority, 312 F.Supp. 1069 (N.D.Miss. 1970). In this case a consideration of the substantiality of the state law claim will be dispositive of the motion before the court and thereby render unnecessary any consideration of the other factors.

Given that the rule in the Fifth Circuit is that the trial court may, at its discretion, exercise pendent jurisdiction and allow the addition of a new defendant against whom plaintiff intends to prosecute a state cause of action arising from the same nucleus of operative facts as the federal claim brought against the original defendant, in order for plaintiff to prevail on the court to utilize this jurisdictional power, there must appear to be a cause of action which renders the defendant subject to suit in the state courts. Here the asserted cause of action is against a mu-

1. *See, e. g.,* C. Wright, Federal Courts § 19, p. 65 (2d ed. 1970) (*contra*); Note, 81 Harv.L. Rev. 657, 662 (1968) (*pro*).

nicipal corporation, the City of Atlanta, for its negligence in training one of its police officers, which negligence resulted in the officer shooting and wounding plaintiff. Although there is some authority for the proposition that plaintiff could sue defendant's superiors *personally* for their negligence, if any, in training defendant,[2] the court can find no authority that supports the proposition that the City of Atlanta is amenable to suit in state court on this rationale.

The applicable Georgia statute states flatly and unequivocally:

"A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." Ga.Code Ann. § 69–307 (1967).

A survey of the decisions on this point reveals no judicial rending of the seamless prohibition of the statute. The classic statement of Georgia law is:

"Municipalities are liable for the acts of their officers, agents and servants only in instances as follows: (a) In the performance of any function where a statute specifically provides for such liability. (b) For neglect to perform or improper or unskillful performance of their ministerial duties. (c) For the performance of their governmental functions where the same amounts to the taking or damaging of private property for public purposes without first making adequate compensation therefor, or the creation of a nuisance dangerous to the life and health of persons because of its proximity to them in the enjoyment of their property." Stubbs v. Macon, 78 Ga.App. 237, 237–238, 50 S.E.2d 866, 867 (1948) (citations omitted).

In one of the more recent cases involving police officers, the plaintiff sought to base liability on a claim that the City was maintaining a public nuisance by retaining a vicious police officer on the force. After strongly reasserting the breadth of municipal immunity in Georgia, the court stated that "while counsel for the plaintiff may deserve credit for his ingenuity, the facts of the case as alleged in the petition show that, in the final analysis, the sole asserted basis of municipal liability is on the theory of respondeat superior, and the facts thus"[3] dictate dismissal of the suit. Any decision finding the City liable in this fact situation would require a deviation from settled Georgia law far greater than would be appropriate for a federal court.

The court finds that plaintiff has no cause of action against the City of Atlanta under current Georgia law and thus the motion to add the City as a new party defendant must be denied.

This decision renders the motion for permission to amend plaintiff's complaint moot and it is denied as well.

---

2. Beverly v. Morris, 470 F.2d 1356 (5th Cir. 1972).

3. Cumming v. Chastain, 97 Ga.App. 13, 15, 102 S.E.2d 97, 98 (1958).