Mr. Bobby Norman, Director Arkansas Commission on Law Enforcement Standards and Training P.O. Box 3106 East Camden, Arkansas 72032
Dear Mr. Norman:
This is in response to your request for an opinion on four questions concerning the law enforcement certification of bailiffs. Specifically, you reference Act 601 of 1991, which amended A.C.A. § 16-13-1413 to provide a bailiff for the Second and Third divisions of the Sixth Judicial District. See Act 601 of 1991 (title). In addition, the act amended A.C.A. § 16-13-1413
(b)(2) to add the emphasized language below:
 The bailiffs shall exercise all the powers of a deputy sheriff which shall include the power to make arrests, carry a weapon, and serve summons, and may maintain law enforcement certification. [Emphasis added.]
You note that A.C.A. §§ 12-9-101—404, and the rules and regulations of the Commission, require that bailiffs be certified, if at all, as "specialized law enforcement officers. Your four questions regarding these facts are as follows:
 1. Does this paragraph require bailiffs be certified as law enforcement officers as defined in 12-9-102?
 2. Does this paragraph allow officers who were under the `grandfather clause' to maintain the level of certification they had attained prior to leaving the `grandfather' agency, or does 12-9-106, paragraph (e)(2) apply?
 3. Does this paragraph allow officers who were employed by a law enforcement agency after January 1, 1978 to maintain the level of certification they had attained prior to termination, or does regulation 1010, paragraph (e) apply?
 4. Does the word `may' in the amended portion mandate that bailiffs would have to be certified or does `may' allow the judicial district to make that decision?
It is my opinion that the answer to your first question is "no," the amendment of A.C.A. § 16-13-1413 does not require the bailiffs in the First, Second, Third, Fourth, and Fifth divisions of the Sixth Judicial District[1] to be certified law enforcement officers. It does, however, in my opinion, allow them to "maintain" any level of certification they have already attained.
The relevant words in the amendment are "may" and "maintain." The word "may" is usually employed as permissive or discretional, rather than mandatory. Chrisco v. Sun Industries, Inc.,304 Ark. 227, 800 S.W.2d 717 (1990). The use of this word in the amended statute thus allows bailiffs to "maintain" law enforcement certification, but does not require them to do so.
Your second question refers to the "grandfather clause" of A.C.A. § 12-9-106 (e)(1), which states that law enforcement officers already serving under full-time permanent appointment on December 31, 1977 shall not be required to meet the certification requirements of § 12-9-106 (a) and (b). This provision thus "grandfathers" those officers serving as of that date as long as they are "continuously employed." See King v. State,304 Ark. 592, 804 S.W.2d 360 (1991). Your second question is whether officers who were "grandfathered" are allowed to "maintain" the level of certification they had attained prior to leaving the "grandfathered agency," or whether A.C.A. § 12-9-106 (e)(2) applies. This provision states that:
 Law enforcement officers employed prior to January 1, 1976, may continue their employment and participate in training programs on a voluntary or assigned basis, but failure to meet standards shall not be grounds for their dismissal or termination of employment, although subsequent termination of employment, voluntary or involuntary, will constitute a revocation of this exclusion status. [Emphasis added.]
It is my opinion that such "grandfathered" officers who become bailiffs are, under A.C.A. § 16-13-1413 (Cum. Supp. 1991), allowed to "maintain" the level of certification they had attained prior to leaving the grandfathered agency whatever that level of certification may be.
The word "maintain" has been defined as "to keep in an existing state . . . preserve from failure or decline . . . to continue or persevere in: carry on: keep up. . . ." Webster's Seventh NewCollegiate Dictionary (1972), at 509. It has also been stated that:
 The term is variously defined as acts of repairs and other acts to prevent a decline, lapse or cessation from an existing state or condition; . . . hold or keep in an existing state or condition. . . .
Black's Law Dictionary, (5th ed. 1979) at 859. See alsoDairy Transport Ass'n. v. Decker, 248 N.Y.S.2d 672,42 Misc.2d 734 (1963) (stating that "maintain" means to continue and signifies to support what is already brought into existence); ElPaso County Water Imp. Dist. No. 1 v. City of El Paso,243 F.2d 927 (5th Cir. 1957); and Stanley v. City of Macon,95 Ga. App. 108, 97 S.E.2d 330 (1957).
It is thus my opinion that the new amendment to A.C.A. §16-13-1413 allows "grandfathered" officers who become bailiffs to maintain whatever level of certification they have already achieved.
Your third question addresses officers who were not "grandfathered" and who have attained law enforcement certification, and inquires as to whether A.C.A. § 6-13-1413
allows these officers to "maintain" the level of certification they had attained prior to termination, or whether regulation 1010(e) applies. The regulation you cite provides as follows:
 The certification of any law enforcement officer shall expire if the officer does not serve as a law enforcement officer for six (6) consecutive months.
Ordinarily, under this regulation, the certification of an officer who becomes a bailiff would expire, because a "bailiff" apparently is, in the interpretation of the Commission, not a "law enforcement officer" as that term is defined at A.C.A. §12-9-102(1). The adoption of Act 601 of 1991, however, as codified at A.C.A. § 16-13-1413 has, in my opinion, changed this result. This statute provides specifically, that certain bailiffs may "maintain" law enforcement certification. As stated above, it is my opinion that the word "maintain" must be construed to authorize the keeping or continuation of the certification already acquired.
Your fourth question asks whether the word "may," as used in §16-13-1413, mandates that these bailiffs be certified or whether the use of this word allows the judicial district to make the decision. As stated in response to your first question, it is my opinion that the use of the word "may" is permissive, and that these bailiffs are not required to be certified law enforcement officers. As also stated above, however, they may maintain any level of certification already obtained. It is also my opinion, however, that if a bailiff is hired who has never attained any law enforcement certification, and the bailiff and/or the judicial district wish to obtain certification, he or she will be subject to the certification procedures currently in place by rule of the Commission for the certification of bailiffs. It is my understanding that such a person would be certified as a "specialized law enforcement officer" under these rules.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be emphasized that A.C.A. § 16-13-1413, as amended, only applies to bailiffs in the First, Second, Third, Fourth, and Fifth divisions of the Sixth Judicial District.