## 45249.   AUERBACH et al. v. PADGETT.

EBERHARDT, Judge. Plaintiff sued the owners of an apartment complex in which she was a tenant seeking recovery for injuries sustained when she fell January 10, 1968, on a walkway leading from the apartment to a parking lot where her car was kept, alleging that the owners had been negligent in failing to remove from the walkway ice which had accumulated from rain and sleet that started falling on the afternoon or evening of January 8 and which had continued until some time during the night of January 9. Defendants obtained a deposition from plaintiff and on the basis of that, together with her pleadings, and of an affidavit from the resident manager of the apartments, moved for summary judgment. Plaintiff filed her affidavit in opposition. In both her deposition and her affidavit plaintiff testified that because of the weather she remained in her apartment from the evening of January 8 until about 10 minutes of 8 o'clock the morning of January 10, when she left it to take her child to school (school having been closed because of weather conditions on January 9); that the ice on the ground and walkway had all melted away some time during the night except for a place in a depression of the walkway from one-half to an inch deep and about a foot wide, and that because

water was standing over the ice she did not see it. She stepped on the "wet place" and thereupon slipped and fell because ice was beneath the standing water. Other than this small place the walkway was dry and free of ice, as was the ground on both sides of it. She could have stepped over the place, or around it on either side, but did not. The resident manager testified that while he knew of the weather (rain and sleet), he had no knowledge of the ice on which plaintiff stepped and fell, that he knew of no other tenant in the 188 units who fell from stepping on ice, and that he did not know of plaintiff's experience until about two weeks later. Summary judgment was denied, and defendants appeal. *Held:*

Under these facts we think the ruling made in *Fincher v. Fox,* 107 Ga. App. 695 (131 SE2d 651) is controlling and consequently we reverse. There is no issue of material fact. Negligence (breach of duty) on the part of the owners does not appear.

The ice accumulation was, at most, a temporary one and even if it be said that a duty devolved upon the owners to remove accumulations of sufficient size or quantity to present hazardous conditions which people using the walkway could not avoid in the exercise of ordinary care, it would not arise until the passage of a sufficient length of time after cessation of the falling rain and sleet to afford reasonable opportunity to remove it, and in this connection the melting which had taken place during the preceding night must be taken into account. The spot of ice which had not yet fully melted and on which plaintiff deliberately stepped was very small, and the melting had all but cleared the walkway and had fully cleared the ground on each side. It would be unreasonable to hold, under these conditions, that the owners were charged with notice of the existence of this small remaining bit of ice or that they should have searched it out and removed it. It would, in effect, be holding that the owners are insurers of the safety of their premises, which they are not. *Ross v. Jackson,* 123 Ga. 657, 658 (51 SE 578); *Tinley v. F. W. Woolworth Co.,* 70 Ga. App. 390, 393 (28 SE2d 322); *Rich's, Inc. v. South,* 91 Ga. App. 487, 488 (85 SE2d 774). The duty owned to one who is lawfully on the premises, and not a mere licensee, is that of ordinary care. *Mandeville*

*Mills v. Dale,* 2 Ga. App. 607 (58 SE 1060). "The mere owner-ship of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has in-vited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully on the premises. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted." (Emphasis supplied.) 20 RCL 56, § 52, cited with approval in *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170, 173 (138 SE2d 77). "An invitee who is as fully aware of the dangers and defects of the premises of the proprietor as is the proprietor himself, in coming on such premises assumes the risks thereon, and cannot recover from the defendant for inju-ries resulting by reason of such dangers and defects. Since the evidence here demands this finding, the trial court did not err in directing verdicts in favor of the defendant." *Rogers v. At-lanta Enterprises, Inc.,* 89 Ga. App. 903 (81 SE2d 721). The evidence here shows without conflict that the plaintiff had at least equal knowledge of the conditions; it was certainly not a situation where the owners knew and the plaintiff did not. She testified that she knew of the small dip or depression in the sidewalk and that water accumulated in it, that it was not a large one—"maybe a foot" across. There was no ice or water on other portions of the walk—"just in this little low place." On the rest of it the ice had melted off, and as she came out of the apartment to the walk she "noticed the water." As to why she stepped in it, she asserted, "Well, when the puddle was water, you don't just walk around it because it wasn't that deep. It probably wasn't a half inch or inch . . . the little dip isn't much deeper than that . . . I stepped in the water, but the ice was under the water." See *Sheats v. City of Rome,* 92 Ga. 535 (17 SE 922); *Johns v. Georgia R. & Elec. Co.,* 133 Ga. 525 (66 SE 269); *670 New Street, Inc. v. Smith,* 107 Ga. App. 539

(130 SE2d 773); *Leslie v. City of Macon*, 35 Ga. App. 484, 486 (133 SE 638); *Browning v. Village of Cave Spring*, 7 Ga. App. 724 (67 SE 1045).

It was a natural accumulation, attributable to no affirmative action on the part of the owners. See *City of Rome v. Potts*, 45 Ga. App. 406 (165 SE 131). The case of *Wasserman v. Southland Investment Corp.*, 105 Ga. App. 420 (124 SE2d 674), wherein it appeared that an accumulation of ice on the steps of an apartment resulted from the negligent use of hot water by the janitor in attempting to remove ice which had naturally accumulated, has no application here. The case of *Netherland v. Pacific Employers Ins. Co.*, 101 Ga. App. 837 (115 SE2d 122), dealing with accumulations of muddy loam over ice in a parking lot, is also distinguishable.

A case in which the facts are almost the same as those here is Gibson v. Prudential Ins. Co., 258 App. Div. 740 (15 NYS2d 100), appeal dismissed, 283 N. Y. 647 (28 NE2d 43), where it was held that the presence of a depression of from one-half to one inch, in a walkway leading from an apartment building to the street, wherein water accumulated and froze, did not create a dangerous condition which the owner, in the exercise of ordinary care was bound to remove or to remedy. It appeared in that case that ice and snow had fallen, beginning at about midnight and continuing for about eight hours, and that the tenant left the apartment about 8 a. m. and fell when walking toward the street. In Kraus v. Wolf, 253 N. Y. 300 (171 NE 63) it was held that a small depression in a step wherein water may collect and freeze does not create a dangerous condition which the owner is bound to remedy, and we reached a similar conclusion in *Banks v. Housing Authority of the City of Atlanta*, 79 Ga. App. 313 (53 SE2d 595). In Dwyer v. Woollard, 205 App. Div. 546 (199 NYS 840), a tenant was similarly injured when walking across the yard from the apartment building to a shed containing a toilet, maintained for the use of the tenants, it appearing that "[i]ce had formed in the yard, . . . concealed from view by slush and water." The court held that the duty of the owner to remove snow or ice accumulations from the yard or walkway "cannot be greater than the obligation of a municipal-

ity in relation to ice which forms upon its sidewalks. Municipalities are not required to remove ice which forms from melting snow, except where ridges or mounds of unusual size are found," and we reached a similar conclusion in *City of Rome v. Potts,* 45 Ga. App. 406, supra. See also *White v. City of Manchester,* 92 Ga. App. 642, 644 (89 SE2d 581); *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170, supra; *Roberts v. Bradley,* 114 Ga. App. 262 (150 SE2d 720); *Wade v. Roberts,* 118 Ga. App. 284 (163 SE2d 343).

*Judgment reversed. Jordan, P. J., concurs. Pannell, J., concurs in the judgment.*

SUBMITTED APRIL 7, 1970—DECIDED JUNE 8, 1970—REHEARING DENIED JUNE 24, 1970.

*Edwards, Bentley, Awtrey & Parker, Scott S. Edwards, Jr.,* for appellants.

*Richard L. Powell,* for appellee.