### 59574. DERRYBERRY v. ROBINSON et al.

CARLEY, Judge.

Appellant filed a four-count complaint against appellee and Acworth Framing, Inc. (Acworth). Count I alleged the breach of a real estate sales contract, entered into by appellant as buyer and appellee as seller. Count II alleged appellee's breach of an express warranty and the breach of an implied warranty by the corporate defendant. Count III alleged the negligent design and construction by appellee and Acworth of the house sold to appellant. Count IV alleged wilful misrepresentations of material facts concerning construction of the house in question. Appellee and Acworth

answered the complaint, denying the material allegations thereof and the case proceeded to trial.

The evidence showed that appellant and his wife, who were looking at homes to buy, inspected the house which became the subject matter of the instant suit. Appellant liked the house but noticed a damp spot in the basement. Appellee gave his assurance that the basement did not leak and explained that the dampness was merely the result of his son's failure "to put the splashblock back under the drain." Appellant "didn't go into any great detail about it" but when he was drawing up the contract on the house, appellant included therein a "special stipulation" that "Seller to guarantee basement will not leak." The contract to buy the house was accepted by appellee, who executed it in his own name as the "Seller." At the closing, however, appellant received a settlement statement and a warranty deed which designated the seller of the property as Acworth, not appellee. Appellant "understood" at the time of closing and accepting the deed that Acworth was in fact the seller of the home.

Two months after moving into the house, appellant discovered the basement was leaking. Appellant made an unsuccessful attempt to solve the problem. Appellee was advised of the situation and on several occasions he too tried to alleviate the leaking problem. However, cooperation between the two parties ended after they had a "little argument" and the instant legal action resulted.

At the close of appellant's evidence appellee moved for and received a directed verdict. The case proceeded against Acworth alone and resulted in a verdict and judgment against the corporation. Appellant appeals from the order of the trial court directing a verdict in favor of appellee.

1. Under appellant's evidence, as set forth above, it was not error to grant a directed verdict to appellee on Counts I (breach of contract) and II (breach of warranty) of the complaint. *Smith v. White,* 75 Ga. App. 303 (43 SE2d 275) (1947); *Bowdoin v. Kingloff,* 102 Ga. App. 783, 785 (4) (118 SE2d 197) (1960).

2. Count III of appellant's complaint alleged that appellee had constructed the house and had done so negligently. Appellee answered, admitting construction of the house but denying the allegations of negligence. Thus, the question on appeal is whether appellant's evidence was sufficient to preclude as to this count the grant of a directed verdict to appellee, who admittedly constructed the house. Cf. *Termplan, Inc. v. Joseph,* 151 Ga. App. 689 (261 SE2d 433) (1979).

The general rule in such circumstances as exist in the instant case is that "the contractor is not liable to third persons for damages

or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract, at least, if the defect is not hidden but readily observable on reasonable inspection. [Cits.]

"There are, of course, well recognized exceptions to this general rule. One such exception is that the contractor is liable where the work is a nuisance per se, or inherently or intrinsically dangerous. Another is that the contractor is liable where the work done and turned over by him is so negligently defective as to be imminently dangerous to third persons. [Cits.]

"If the work performed by the contractor is not shown to come within one of the exceptions to the general rule, when the work is finished by him and accepted by his employer, the liability of the former generally ceases and the employer becomes answerable for damages which may thereafter accrue from the defective conditions of the work. [Cit.]" *Queen v. Craven,* 95 Ga. App. 178, 184 (97 SE2d 523) (1957). See also *Garrett v. Panacon Corp.,* 130 Ga. App. 641 (204 SE2d 354) (1974).

Assuming that appellant's evidence of appellee's negligence in waterproofing the basement was sufficient, the testimony further demonstrated that the "defect" was not hidden. *Tison v. Eskew,* 114 Ga. App. 550 (151 SE2d 901) (1966). There was no evidence produced that would support a finding that the leaking basement was a nuisance per se, inherently or intrinsically dangerous, or so negligently defective as to be imminently dangerous to third persons. Thus there was no evidence that appellee's negligence comes within any exceptions to the "general rule." See *Young v. Smith & Kelly Co.,* 124 Ga. 475 (52 SE 765) (1905); *Cox v. Ray M. Lee Co.,* 100 Ga. App. 333 (111 SE2d 246) (1959); *PPG Industries v. Genson,* 135 Ga. App. 248 (217 SE2d 479) (1975). It was, therefore, not error to grant appellee a directed verdict on the negligence count.

3. We turn now to Count IV for fraud and deceit. The only representations attributed to appellee were that he gave assurances to appellant that the basement did not leak and gave an explanation as to the presence of dampness in that part of the house. However, there was no evidence produced that at the time appellee made these representations they were false, or that he had knowledge of their falsity. Appellant's own testimony was that no problem was noticed for some two months after moving in. There was no evidence adduced that appellee had himself ever lived in the house or would otherwise have known that the basement leaked if in fact it had done so prior to appellant's moving in. Appellant relies on appellee's "constructive knowledge" as the builder to demonstrate that appellee knew or should have known of the leaking. However,

constructive knowledge is not a sufficient basis upon which to predicate an action for fraud. *Randall v. Smith,* 136 Ga. App. 823, 825 (222 SE2d 664) (1975).

Appellant urges that the jury would have been authorized to find that appellee concealed a "latent defect." However, in light of the evidence produced as to the waterproofing, the manner in which it was "defective" and the way in which it was discovered to be "defective" we cannot agree. *Tison v. Eskew,* 114 Ga. App. 550, supra. A verdict was properly directed as to this count.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED MARCH 3, 1980 — DECIDED MAY 20, 1980.

*Richard W. Wilson, Jr.,* for appellant.
*Dana L. Jackel,* for appellees.