62617. McINTYRE et al. v. CORPORATE PROPERTY INVESTORS et al.

SOGNIER, Judge.

Appellants, husband and wife, filed a complaint for damages resulting from injuries to Mrs. McIntyre when she slipped and fell. Appellants sued Corporate Property Investors, the owner of Lenox Square Shopping Center, Broadway-Hale Stores, Inc., d/b/a Neiman-Marcus, and Pembrook Management, Inc., the manager of Lenox Square. The trial court granted summary judgment in favor of all defendants.

Mrs. McIntyre, an invitee, parked her car on the upper, exposed parking deck of the shopping center adjacent to Neiman-Marcus in

Lenox Square. Mrs. McIntyre was proceeding on foot to a meeting at Neiman-Marcus when she noticed a dark area approximately three feet in diameter on the surface of the parking deck. She walked across the dark patch, which she discovered was ice, slipped and fell, breaking her ankle. Although she noticed the dark patch, she did not associate it with ice or step around it. The parking lot was otherwise dry and free of ice and any other dark patches.

The trial court correctly applied *Auerbach v. Padgett,* 122 Ga. App. 79, 81 (176 SE2d 193) (1970), which held: " 'The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully on the premises. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted.' "

The facts in *Auerbach* are very similar to those in the instant case. In *Auerbach,* plaintiff stepped on a "wet spot" rather than a "dark spot," which plaintiff did not recognize as ice. In *Auerbach,* as in the instant case, both plaintiff and defendant had equal knowledge of the weather conditions. Thus, as stated by this court, "[t]he evidence here shows without conflict that the plaintiff had at least equal knowledge of the conditions; it was certainly not a situation where the owners knew and the plaintiff did not." Id., at p. 81.

Appellants seek to distinguish their case because here appellees' security patrol makes periodic inspections and, therefore, appellants argue appellees should have had constructive knowledge of the icy condition of the parking lot. We find this argument unpersuasive. Constructive knowledge of a defect is usually a question for the jury. *Hancock v. Abbitt Realty Co.,* 142 Ga. App. 739, 740 (236 SE2d 860) (1977). However, appellants here are not alleging any *defect* in the surface of the parking deck which would result in a dangerous condition. See *Hancock,* supra, p. 740. Rather, appellants allege that appellees were negligent in failing to discover and remove the ice which caused her fall. This question has been decided adversely to appellants by *Auerbach* and *Hancock.*

The evidence here shows only that there was a small, thin patch of ice on an otherwise clear parking deck on a day when there was no precipitation. In view of Mrs. McIntyre's knowledge of the "dark spot" on the pavement, summary judgment in favor of appellees was correct.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 11, 1982.

*J. M. Crawford,* for appellants.
*Douglas Dennis, Ervin H. Gerson, Robert C. Semler,* for appellees.