### 67005. JOYNER v. SANDEFUR MANAGEMENT COMPANY.

BIRDSONG, Judge.

Appellant Edward J. Joyner, suing individually and as next friend, and his son, Edward J. Derrick, were injured when Joyner, while carrying Derrick, slipped on and fell down steps leading to an apartment dwelling operated and maintained by appellee. Based primarily upon the deposition testimony of Joyner, the trial court granted appellee's motion for summary judgment.

Joyner stated in his deposition that on the date of the occurrence he was visiting his uncle who lived in the subject apartment. He had visited his uncle at the apartment every other day for one or two months prior to the subject incident. Joyner parked on the street and walked down a sidewalk to the stairs leading to the apartment. He did not walk through the yard outside the apartment because it was essentially a mud fill with no grass. A single flight of approximately eight steps lead from the sidewalk to the apartment. The steps were made of iron and contained checkered holes throughout. The stairway also contained a metal railing on the side opposite the building.

Joyner testified that it was daylight and raining when he entered the apartment. He stated that the steps were covered with mud, although he could not recall at the time of his deposition whether he was aware of the mud prior to his fall. He later stated by affidavit that

he was not aware of the mud until after he fell. After visiting his uncle for two or three hours, Joyner left the apartment in the dark while it was still raining. He testified that the stairway was not lighted. As he stepped onto the first step, while holding Derrick in his arms, Joyner slipped and fell to the bottom of the stairs.

Appellee offered the affidavit of the professional architect who participated in the design of the stairway in question and who inspected the stairway shortly after the subject incident. Based on his firsthand knowledge, the affiant deposed that the stairway was designed, constructed, and maintained "in accordance with standard architectural practice and in full compliance with all building and safety codes." Joyner's testimony was that the stairs were "slick." Evelyn Derrick, who was with appellant at the time of the incident, stated in an affidavit that "the steps were very slippery from the rain." She also verified that the stairway was not lighted.

Appellant enumerates three errors in the judgment of the trial court. He contends that the court erred because the evidence created a genuine issue of material fact "as to whether or not [appellant's] knowledge of mud accumulation, no lights and unsafe construction was equal to that of [appellee]." Secondly, he contends that the trial court erred because an issue was created "concerning whether or not [appellee] owed a duty to [Joyner and Derrick] to exercise ordinary care in keeping the stairway safe." His final enumeration contends that the evidence created an issue "concerning the negligence of the minor child as opposed to the duty owed to said child by [appellee]." *Held:*

1. Appellant's second enumeration is patently without merit. Appellee does not, and insofar as the record reveals did not in the trial court, dispute the existence of a duty; rather, appellee's motion was based on the contention that no duty was breached. The trial court concluded that appellee had not breached any duty owed to Joyner or Derrick, not that no duty was owed.

2. Likewise, appellant's third enumeration appears generally to misconstrue the import of the trial court's judgment. Appellant argues that Derrick's claim stands independent of Joyner's claim and that Joyner's negligence cannot be imputed to Derrick. However, the trial court did not conclude otherwise, as can be seen from the following conclusion from its order: "The plaintiff Joyner, with knowledge of the increased rain and with the older child in his arms, took his chances to descend the otherwise-safe steps after dark, and accidentally slipped and fell *through no fault of the owner. No factual statement under oath seems to point to any negligence on the part of [appellee].*" (Emphasis supplied.) Thus, it is clear that the court's judgment was based on the conclusion that appellee had pierced the

allegations of the complaint relating to appellee's alleged negligence, that appellant had failed to produce any evidence to support those allegations, and that Derrick's injuries were the proximate result of Joyner's actions. The legal status of Derrick and the imputability of his father's negligence to him were not issues raised by the motion or judgment.

3. Thus, the general issue raised on appeal is whether appellant produced any evidence to support his allegations that his and Derrick's injuries resulted from appellee's negligence. As to Joyner, the trial court's conclusion in this regard is challenged only within the context of the first enumeration of error, i.e., that there was evidence to support the contention that Joyner did not have equal knowledge with appellee of the alleged unsafe condition created by the stairway.

(a) "The trial court [appears to have] correctly applied *Auerbach v. Padgett,* 122 Ga. App. 79, 81 (176 SE2d 193) (1970), which held: ' "The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully on the premises. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted." ' " *McIntyre v. Corporate Property Investors,* 160 Ga. App. 868, 869 (288 SE2d 584).

(b) We dispose of appellant's contention that he did not have equal knowledge with appellee of the hazard created by the presence of rainwater and mud. Appellant admittedly knew it was raining when he entered his uncle's apartment, and he knew it was raining when he left. The mere fact that the steps, which were exposed to the weather, were wet did not give rise to liability, because Joyner was as "aware of the weather conditions" as was the owner or operator. *Key v. J. C. Penney Co.,* 165 Ga. App. 176 (299 SE2d 895). Clearly, appellant showed no superior knowledge on the part of appellee in this respect.

Nor can appellant escape the fact that any presence of mud was as obvious to himself as to appellee. Joyner admittedly knew it was raining, knew the yard outside the apartment was a "mud fill," knew that "a lot of people will cut across the [mud] field," and knew that "young'uns next door get out there and throwing mud and all." Generally, "[t]he fact that water, slush, and mud are tracked in on the floor of premises because of weather conditions outside . . . does not

create an actionable situation" (*Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170, 174 (138 SE2d 77)), usually because the injured party's opportunity to discover the condition is greater than that of the owner. "The evidence here shows without conflict that the plaintiff had at least equal knowledge of the conditions; it was certainly not a situation where the [defendant] knew and the plaintiff did not." *Auerbach v. Padgett,* supra, p. 81. Consequently, the accumulation of water and mud did not give rise to any liability for Joyner's or Derrick's injuries.

(c) Appellant further contends that appellee had superior knowledge as to the alleged negligent construction, installation, and maintenance of the stairway. However, appellant has come forward with no evidence to show that the stairs were negligently constructed, installed, or maintained. "In the case before us [appellant] averred... that the 'slippery and dangerous [stairs] maintained by [appellee]' [were] the proximate cause of [his] fall. [Appellee] presented evidence of no defective condition in the [stairs]. [Appellant] did not introduce any evidence of the quality of material used" (*Alterman Foods v. Ligon,* 246 Ga. 620, 624 (272 SE2d 327)) or offer any explanation for the fall other than by establishing the presence of water and mud and by concluding that the steps were slick. In order to resist summary judgment by alleging that a surface was inherently dangerous due to negligent design, installation, use of surface materials, or maintenance, a plaintiff must do more than state his conclusion that the surface was slick (*Wolling v. Johnny Harris Restaurant,* 166 Ga. App. 630 (305 SE2d 168); *Key v. J. C. Penney Co.,* supra), when the defendant produces evidence supporting only the conclusion that the surface was not defective in any manner. Aside from the presence of water and mud for an unidentifiable time period, appellant has failed to produce any evidence showing any manner in which the stairs were slick due to negligent design, construction, installation, or maintenance.

(d) Appellant argues that the absence of a working light illuminating the outdoor stairs creates a jury issue as to Joyner's equal knowledge of the alleged dangerous condition of the stairs. It is well settled that " '[t]here is no duty on the part of a landlord to maintain lights or to illuminate passageways, porches and steps in the absence of a contractual obligation to do so, or when so required by statute.' [Cit.]" *Plant v. Lowman,* 134 Ga. App. 752 (1) (216 SE2d 631). Nevertheless, if the dim lighting prevents the injured party from discovering a dangerous condition of which the owner, but not the injured party, should be aware, liability may be imposed. See, e.g., *Hatcher v. City of Albany,* 147 Ga. App. 843 (1) (250 SE2d 537) (inadequate lighting and irregular steps); *Pilgreen v. Hanson,* 89 Ga.

App. 703, 709 (81 SE2d 18) (difference in floor levels, optical illusion created by tile, highly polished floor, dim lighting). But see *Pilgreen v. Hanson,* 94 Ga. App. 423 (94 SE2d 752).

In both *Pilgreen* and *Hatcher,* the complaints set forth facts from which it could be concluded that the defendants were negligent in failing to warn the plaintiffs about the floor irregularities, conditions about which the plaintiffs had no reason to anticipate and may have been prevented from discerning due to dim lighting, and about which the defendants should have been aware. However, the conditions giving rise to the alleged danger in the present case (presence of water and mud) are matters about which Joyner either knew, should have been aware, or had equal or greater means of discovering than did appellee. See Division 3 (b) above. Consequently, there was no alleged dangerous condition that the dim lighting prevented Joyner from discovering. Accordingly, the trial court properly granted appellee's motion for summary judgment as to Joyner's individual claims.

4. Appellee has established beyond genuine issue that it was Joyner's actions in carrying the child under the conditions, and not any negligence on the part of appellee, that proximately resulted in the injuries to Derrick. Accordingly, the trial court properly granted summary judgment to appellee against appellant's claims as next friend of Derrick.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 15, 1983.

*William J. Sussman,* for appellant.
*J. Arthur Davison, Wiley S. Obenshain III,* for appellee.