68865. EVANS v. PARKER.
(323 SE2d 276)

SOGNIER, Judge.

Lester Parker filed a complaint against Douglas Evans for injuries sustained when Parker, a social guest, slipped and fell in Evans' driveway. The driveway was covered with snow and ice due to a severe snowstorm six days earlier. Parker had been a guest in Evans' home on numerous occasions, and always entered by walking down the driveway, onto the back porch and through the rear door. The injury occurred when Parker left Evans' residence using the same route by which he had entered. The trial court denied Evans' motion for summary judgment and we granted interlocutory appeal pursuant to OCGA § 5-6-34 (b).

1. Appellant contends the trial court erred by denying his motion for summary judgment because no questions of fact remain as to appellant having met the duty of care owed to appellee. We construe the evidence most favorably to appellee as the party opposing the motion for summary judgment. *Bronesky v. Estech, Inc.,* 170 Ga. App. 724 (1) (318 SE2d 194) (1984). Appellee alleged that the presence of ice on the driveway constituted a dangerous condition which was known or should have been known to appellant and which was unknown to appellee. It is undisputed that as appellant's guest, appellee was a licensee. " ' "(T)here is a common understanding that the guest is ex-

pected to take the premises as the possessor himself uses them, and does not expect and is not entitled to expect that they will be prepared for his reception, or that precautions will be taken for his safety, in any manner in which the possessor does not prepare or take precautions for his own safety, or that of the members of his family." [Cit.] . . . A licensee cannot recover by showing that the defendant was merely negligent, but must show that the defendant wilfully and wantonly injured [him].' " [Cits.] *Wren v. Harrison*, 165 Ga. App. 847, 848 (303 SE2d 67) (1983); OCGA § 51-3-2.

Although " '(I)t is usually wilful or wanton not to exercise ordinary care to prevent injuring a licensee who is actually known to be, or reasonably is expected to be, within range of a dangerous act being done . . .' " *Wren v. Harrison*, supra at 848, where a licensee has *equal knowledge* of the dangerous condition or the risks involved, there is no wilful or wanton action on the part of the owner and there is no liability to the licensee. See *Wren v. Harrison*, supra at 848-849; *Joyner v. Sandefur Mgt. Co.*, 168 Ga. App. 854, 856 (3) (b) (310 SE2d 578) (1983). Construing the evidence most favorably to appellee, appellee's knowledge of the icy conditions which caused his fall was at least equal to that of appellant. In the absence of any question of fact as to any wilful or wanton action on the part of the owner, the trial court erred by denying appellant's motion for summary judgment.

2. Appellee further argues that appellant was negligent in (a) removing some of the snow, thus exposing a layer of ice in a part of his driveway where appellee walked, and (b) failing to provide adequate lighting for appellee's departure. He also argues that a portion of appellant's driveway was subject to poor drainage, causing a hazardous condition in freezing weather. These facts do not give rise to liability. In Division 1 we held that appellee was as aware as appellant of the icy conditions which caused his fall, having traveled the same path on entering appellee's home. *Joyner v. Sandefur Mgt. Co.*, supra; see *Harris v. Star Service &c. Co.*, 170 Ga. App. 816 (318 SE2d 239) (1984).

Appellee argues that appellant's failure to provide adequate lighting for appellee's departure around dusk creates a jury issue as to appellee's knowledge of the alleged dangerous condition. Even as to an invitee, to whom a higher duty is owed than to a licensee, there is no obligation on the part of an owner to illuminate passageways, porches or steps, absent a contractual or statutory duty to do so. See *Joyner v. Sandefur Mgt. Co.*, supra at 857; *Plant v. Lowman*, 134 Ga. App. 752 (1) (216 SE2d 631) (1975). Nevertheless, if the lack of lighting prevents the injured party from discovering a dangerous condition of which the owner but not the injured party should be aware, liability may be imposed. *Joyner v. Sandefur Mgt. Co.*, supra at 857. Since appellee was already aware of the allegedly dangerous condition (see

Division 1), the alleged failure to provide adequate lighting creates no grounds for liability. *Joyner v. Sandefur Mgt. Co.*, supra.

*Judgment reversed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 17, 1984.

*Richard B. Eason, Jr., Carolyn J. Kennedy*, for appellant.

*Robert R. Ezor, Samuel S. Olens, Kenneth Behrman*, for appellee.