## 71441. NIXON v. EDMONSON.
(340 SE2d 278)

CARLEY, Judge.

Appellant filed a complaint, seeking damages for injuries allegedly sustained when he slipped and fell on a frost-covered bridge on appellee's land. Appellant appeals from the trial court's grant of summary judgment in favor of appellee.

For purposes of the motion, appellant's status was that of a licensee on appellee's land. "The owner of the premises is liable to a licensee only for willful or wanton injury." OCGA § 51-3-2 (b). " 'An owner owes to a licensee no duty as to the condition of the premises . . . save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm.' [Cit.]. . . . 'A possessor of land is subject to liability for physical harm caused to licensees by a condition on the

land *if, but only if, . . . (c) the licensees do not know or have reason to know of the condition and the risk involved.'* [Cits.]" (Emphasis supplied.) *Patterson v. Thomas,* 118 Ga. App. 326, 327-328 (163 SE2d 331) (1968).

The evidence is undisputed that, when he slipped and fell, appellant was re-crossing, under the same lighting conditions, the same bridge he had walked across an hour or so before the fall. Appellant had not encountered frost in his initial passage. However, he admitted that he was aware that there was frost on the bridge as he began to re-cross it. See *Joyner v. Sandefur Mgt. Co.,* 168 Ga. App. 854, 856 (3b) (310 SE2d 578) (1983). He also admitted that he was careful as a result of the frost. Appellant merely forgot that the incline on the far side of the bridge, where he slipped, was steeper than that on the near side, where he had first noticed the frost. " ' "It is when the perilous instrumentality is *known to the owner . . .* and *not known to the person injured* that a recovery is permitted." ' " (Emphasis in original.) *Harris v. Star Svc. & Petroleum Co.,* 170 Ga. App. 816, 817 (318 SE2d 239) (1984). See also *Evans v. Parker,* 172 Ga. App. 416 (323 SE2d 276) (1984). Appellant was thus aware of the presence of frost on the bridge, and, notwithstanding his lack of recall, had equal knowledge of the incline of the bridge, having recently crossed it. Appellee is not, therefore, liable for appellant's injuries and the trial court correctly granted appellee's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 4, 1986.

*John M. Wyatt,* for appellant.
*James R. Lewis,* for appellee.