73933. NOVISKI et al. v. KROGER COMPANY.
(354 SE2d 684)

BANKE, Chief Judge.

Mr. and Mrs. Noviski sued the Kroger Company to recover for personal injuries sustained by Mr. Noviski when he slipped and fell on an icy rampway leading to a loading dock behind a Kroger grocery store. They appeal the grant of Kroger's motion for summary judgment.

Mr. Noviski, who was employed at the time as a deliveryman for Howard Baer, Inc., arrived at the store during the early morning hours of January 11, 1984, to deliver a shipment of milk. After backing his truck up to the loading dock at the rear of the store, he walked up the rampway in question in an attempt to enter the store through the back door. In his deposition, he described the conditions outside the store as being "wet and rainy" at this time, but not "icy."

Finding the back door locked and unable to summon anyone by ringing the doorbell, Mr. Noviski dropped back down to the driveway from the loading dock, walked around to the front of the building, and entered the store through the front door. He then located the store's dairy clerk, Mr. Hewitt, who accompanied him through the back of the store to the loading area, where together the two men proceeded to unload the shipment of milk from the truck. After his business at the store was completed, Mr. Noviski began to walk down the rampway leading from the loading dock to the driveway, with the intention of re-entering the truck's cab and driving away. During the course of his descent, he slipped on a sheet of ice which had formed on the ramp and fell, injuring his leg.

It is undisputed that no previous deliveries had been made to the store that morning and that consequently no Kroger personnel had had occasion, prior to Mr. Noviski's arrival, to be in the loading area. Approximately one hour passed between the time of Mr. Noviski's arrival at the store and the occurrence of the accident. It appears

without dispute that Mr. Noviski's deposition testimony that the ice formed on the rampway during this period of time. The store's dairy clerk, Mr. Hewitt, testified that although he had seen some ice and "slush" on the road while driving to work that morning, it had not occurred to him to inspect the ramp for ice upon his arrival at the store nor at any other time prior to Mr. Noviski's departure. *Held*:

Mr. Noviski's own testimony establishes beyond dispute that he had at least as good if not a better opportunity to observe the condition of the ramp prior to his fall than did any of the store personnel. Consequently, we must conclude that the trial court was correct in granting Kroger's motion for summary judgment. Accord *Harris v. Star Svc. &c. Co.*, 170 Ga. App. 816, 817 (318 SE2d 239) (1984); *Speaks v. Rouse Co.*, 172 Ga. App. 9 (321 SE2d 774) (1984). " 'The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully on the premises. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted.' " *Auerbach v. Padgett*, 122 Ga. App. 79, 81 (176 SE2d 193) (1970).

The appellants' reliance on such cases as *Scoggins v. Campbellton Plaza Corp.*, 114 Ga. App. 23 (150 SE2d 179) (1966), and *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293 (322 SE2d 737) (1984), is misplaced, as those cases involved either permanent conditions which were an intrinsic feature of the premises or temporary conditions which the defendant had caused to be placed on the premises. The ice upon which Mr. Noviski slipped obviously falls into neither category; and, given the undisputed fact that it formed on the ramp during the relatively brief period of time he was present at the store, the store's employees cannot reasonably be charged with superior knowledge of its presence. Compare *Telligman v. Monumental Properties*, 161 Ga. App. 13 (288 SE2d 846) (1982).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED MARCH 6, 1987.

*William N. Robbins*, for appellants.
*William D. Strickland*, for appellee.