A97A0456. KING v. KING.
(487 SE2d 510)

ANDREWS, Chief Judge.

Victor King sued his mother, Blanche King, for injuries he sustained when he slipped and fell while visiting at Mrs. King's residence. He claims Mrs. King knew about and failed to warn him of a hidden defect in her front yard which caused him to slip and fall. At

the close of the evidence at trial, the trial court granted a directed verdict in favor of Mrs. King. Mr. King appeals.

The record shows that Mrs. King had a sloping yard comprised of dirt and some patches of grass. Because it had been raining on the day of the fall and for several days prior, the yard was wet, and water had run down the slope around the patches of grass depositing silt in some areas and causing the yard to become a soggy mixture of mud and grass. Mr. King testified that, to avoid the mud as he walked through the yard toward Mrs. King's residence, he carefully stepped from patch of grass to patch of grass. He testified that the roots of a patch of grass he stepped on pulled loose from the ground causing the grass to move under his foot which caused him to slip and fall.

Mr. King conceded that the wet, slippery condition of the yard was obvious to him and that he voluntarily chose to walk across it. Nevertheless, he contends that it was not obvious to him that the roots of the patch of grass would pull loose from the ground when he stepped on it. He argues that this was a hidden defective condition in the yard and that Mrs. King knew about it and failed to warn him because she knew rain water had been running down the slope causing erosion around the patches of grass and she knew her grandson had slipped in the same area the day before the fall.

In visiting his mother at her residence, Mr. King occupied the status of a guest-licensee. *Wren v. Harrison*, 165 Ga. App. 847, 848 (303 SE2d 67) (1983); OCGA § 51-3-2. "There is a common understanding that the guest is expected to take the premises as the possessor [her]self uses them, and does not expect and is not entitled to expect that they will be prepared for his reception, or that precautions will be taken for his safety, in any manner in which the possessor does not prepare or take precautions for [her] own safety, or that of the members of [her] family." (Citations and punctuation omitted.) *Wren*, supra at 848. "The owner of the premises is liable to a licensee only for willful or wanton injury." OCGA § 51-3-2 (b); *Nixon v. Edmonson*, 177 Ga. App. 662 (340 SE2d 278) (1986). Nevertheless, where a licensee's presence on the premises is known to the possessor or reasonably should be anticipated, it is usually considered to be wilful or wanton not to exercise ordinary care to prevent the licensee from being injured by a condition on the property where: "(a) the possessor knows or has reason to know of the condition[,] should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger[;] (b) [the possessor] fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved[;] and (c) the licensees do not know or have reason to know of the condition and the risk involved." (Citation and punctuation omitted.) *Patterson v. Thomas*, 118 Ga. App. 326, 328 (163 SE2d 331) (1968);

*London Iron &c. Co. v. Abney*, 245 Ga. 759, 761 (267 SE2d 214) (1980). Thus, where a licensee has equal knowledge of the dangerous condition and the risks involved, it may be said as a matter of law that the possessor did not breach any duty to the licensee. *Evans v. Parker*, 172 Ga. App. 416, 417 (323 SE2d 276) (1984).

Although Mrs. King knew that heavy rain caused water to run down the slope of her yard around the patches of grass, there is no evidence that this provided her with knowledge superior to Mr. King's as to the condition of the grass. The condition of the yard and the weather conditions were just as obvious to Mr. King as they were to Mrs. King. Although Mrs. King saw her grandson slip in the same area the day before Mr. King fell, there is no evidence that the grandson's slip was caused by grass roots pulling loose from the ground. Moreover, that a patch of grass growing on the rain-soaked, muddy slope of the yard was less secure and might give way by the roots when stepped on was a naturally occurring condition presenting a risk obvious to anyone of ordinary intelligence exercising ordinary care for their own safety. Mrs. King "should not be held [liable] if an injury results from an ordinary or usual risk which, in . . . light of the weather conditions, could not be classed as unreasonable. To do so would make [her] an insurer of the safety of [her licensee], and that is not and should not be the law in this State." *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 178 (2) (138 SE2d 77) (1964).

Construing the evidence and all reasonable deductions therefrom in favor of Mr. King, we find no evidence supporting Mr. King's claim that Mrs. King breached a duty to protect him from injury by a condition on the premises presenting an unreasonable risk of harm. Accordingly, the trial court properly directed a verdict in favor of Mrs. King. OCGA § 9-11-50 (a).

*Judgment affirmed. Smith, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED JUNE 11, 1997.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Before Judge Thornton, pro hac vice.

*Knight, Stemberger & Gomez, Mark A. Gomez*, for appellant.
*Tisinger, Tisinger, Vance & Greer, Douglas C. Vassy*, for appellee.

