A07A1112. SMITH et al. v. DABBS-WILLIAMS GENERAL
CONTRACTORS, LLC.
(653 SE2d 87)

MILLER, Judge.

On May 9, 2003, Delmas Edward Smith was injured when he fell on a stairway constructed by Dabbs-Williams General Contractors, LLC ("Dabbs-Williams"). Mr. Smith and his wife, Robyn, filed the underlying lawsuit, asserting that the stairway was negligently constructed. Dabbs-Williams filed a motion for summary judgment, arguing that the Smiths' lawsuit was barred by the acceptance doctrine. The trial court granted that motion, and this appeal followed. We discern no error and, therefore, affirm.

> To prevail on a motion for summary judgment under OCGA § 9-11-56 (c), the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. The moving party may carry this burden either by (1) presenting evidence negating an essential element of the nonmoving party's claim, i.e., affirmatively disproving the element with evidence which makes it impossible for the nonmoving party to prove the element at trial; or (2) demonstrating an absence of evidence to support an essential element of the nonmoving party's claim. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. On appeal, we review de novo the trial court's ruling on a motion for summary judgment, construing all facts and reasonable inferences therefrom in the light most favorable to the nonmovant.

*Cieplinski v. Caldwell Elec. Contractors*, 280 Ga. App. 267 (633 SE2d 646) (2006).

So viewed, the record shows that Crider Poultry, Inc. hired Dabbs-Williams as an independent contractor to construct a new office building and a new employee restroom facility on its property. Crider Poultry also hired Dabbs-Williams to construct a temporary restroom facility to be used until the permanent facility was completed.

Dabbs-Williams completed the temporary restroom facility in January or February 2003. The facility included a stairway that led to a wooden building housing approximately ten portable toilets. Crider Poultry accepted and paid for the temporary restroom facility, but it instructed Dabbs-Williams to leave its property until it selected a site for the permanent facility. While Dabbs-Williams had anticipated that the temporary restroom facility would be used for approximately one month, Crider Poultry did not select a site for the permanent facility until approximately one year later, at which time Dabbs-Williams constructed such facility.

Following the completion of the temporary restroom facility, Crider Poultry contracted with Parrish Portable Toilets, which in turn employed Mr. Smith to service the portable toilets in the temporary facility. While doing so on the morning of May 9, 2003, Mr. Smith fell on the stairway and landed on the concrete below, injuring his thumb and lower back.

The trial court concluded that the Smiths' lawsuit against Dabbs-Williams was barred pursuant to the acceptance doctrine. We agree. The "long-established" acceptance doctrine provides that

> where the work of an independent contractor is completed, turned over to, and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract, at least, if the defect is not hidden but readily observable on reasonable inspection.

(Punctuation and footnote omitted.) *Williams v. Ga. Dept. of Transp.*, 275 Ga. App. 88, 92 (3) (619 SE2d 763) (2005). Unless the work performed by the contractor falls within an exception to the doctrine, "when the work is finished by [the contractor] and accepted by his employer, the liability of the [contractor] generally ceases and the employer becomes answerable for damages which may thereafter accrue from the defective conditions of the work." (Citations and punctuation omitted.) *Derryberry v. Robinson*, 154 Ga. App. 694, 696 (2) (269 SE2d 525) (1980).

1. The Smiths first claim that the acceptance doctrine does not apply because Dabbs-Williams' work was not completed and turned over to Crider Poultry at the time of Mr. Smith's accident. They base this allegation on the fact that, approximately one year after finishing work on the temporary restroom facility, Dabbs-Williams returned to the Crider Poultry plant in order to complete work on the permanent restroom facility.

Here, the unrefuted evidence showed that Dabbs-Williams completed the temporary restroom facility; that the facility was accepted by Crider Poultry; that Crider Poultry paid Dabbs-Williams for the facility; and that Dabbs-Williams no longer exercised any control over the temporary restroom facility. See *Ogles v. E. A. Mann & Co.*, 277 Ga. App. 22, 24 (1) (625 SE2d 425) (2005) ("contractor cannot be held responsible for completed work over which it no longer exercises any control"). As a result, the return of Dabbs-Williams to the Crider Poultry plant a year later to work on a different project does not preclude the application of the acceptance doctrine.

2. The Smiths also claim that the acceptance doctrine does not apply because Mr. Smith's injury resulted from a hidden defect in the stairway. A plaintiff attempting to make a claim under the "hidden defect" exception to the acceptance doctrine must show that the defect existed and was hidden at the time the property owner accepted the contractor's work. See *Pennington v. Cecil N. Brown Co.*, 187 Ga. App. 621, 622 (1) (371 SE2d 106) (1988).

Here, most of the alleged defects in the construction of the stairs, such as the lack of a handrail or a landing at the top of the stairway, would have been readily apparent upon a reasonable inspection and cannot be considered "hidden defects." See *Williams*, supra, 275 Ga. App. at 92 (3). Contrary to Mr. Smith's assertion, his testimony that he had successfully traversed the stairs numerous times prior to his fall does not establish that such alleged defects were hidden.

The only potentially nonapparent defect in the stairs alleged by the Smiths was that "the wooden material used [in construction] . . . rotted as a result of over exposure since it was not constructed to last for the time period it was used, thereby causing the step to collapse or pull away from the stairs when [Mr. Smith] descended the stairs." However, even if Mr. Smith fell as a result of the wood being "weather-worn," the Smiths do not contend that the wood was in such condition at the time that Dabbs-Williams turned the facility over to Crider Poultry. Moreover, assuming arguendo that the extended use of the temporary facility caused the wood to became weather-worn, such extended use resulted from the delay of Crider Poultry in selecting a location for the permanent facility and occurred after Dabbs-Williams had turned over control of the temporary facility to Crider Poultry.

Given that the Smiths have not come forward with any evidence to show that there existed any hidden construction defects in the stairway at the time Crider Poultry accepted the work of Dabbs-Williams, no issue of material fact exists as to whether the "hidden defect" exception to the acceptance doctrine applies in this case. See *Pennington*, supra, 187 Ga. App. at 622 (1). As a result, the trial court did not err in finding that the Smiths' lawsuit against Dabbs-Williams was barred by the acceptance doctrine.[*]

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 26, 2007.

*Robert B. Sullivan, Stuart H. Patray*, for appellants.

*Ellis, Painter, Ratterree & Adams, Ryburn C. Ratterree*, for appellee.

---

[*] We note that, while the acceptance doctrine would not bar a negligence claim by the Smiths against Crider Poultry, it does not appear from the record that the Smiths ever filed such a claim.